## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANGELA B. BROOKS-NGWENYA,    ) | |
| )                                          | |
| Plaintiff,                        ) | |
| vs.                                       ) | 1:07-cv-067-SEB-JMS |
| )                                          | |
| INDIANAPOLIS PUBLIC SCHOOLS,    ) | |
| )                                          | |
| Defendant.                        ) | |

**Entry Discussing Pending Motions and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the motion for summary judgment of plaintiff Angela E. Brooks-Ngwenya ("Brooks-Ngwenya") (dkt. 19) is **denied,** while the motion for summary judgment of the Indianapolis Public Schools ("IPS") (dkt. 39) is **granted.**

### I. Summary Judgment Standard

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"[1] A "material fact" is one that "might affect the outcome of the suit."[2] A dispute is genuine only if a reasonable jury could find for the non-moving party.[3]

The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues."[4] The means by which this purpose is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the proof in order to see whether there is a genuine need for trial."[5]

---

[1] *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56© of the *Federal Rules of Civil Procedure*).

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial."[6] "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'"[7] "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion."[8]

As noted here, each side seeks resolution of the matter through the entry of summary judgment. On cross-motions for summary judgment, the court construes facts and draws inferences "in favor of the party against whom the motion under consideration is made."[9]

## II. Claims

In October, 2002, Brooks-Ngwenya was hired by IPS to work at Gambold Middle School, # 108 ("GMS") in a classroom assistant position. Transitioning Into Responsible Students ("TIRS") is a program for underachieving students she developed at GMS from October 2002 through June 2003. Brooks-Ngwenya's claims in this action are that: (1) IPS violated federal copyright law by copying and implementing, without compensating her, the TIRS program that was authored and owned by her; (2) the IPS discriminated against her in violation of Title VII of the Civil Rights Act, as amended; and (3) IPS violated the Equal Pay Act.

To understand the setting of the present case, it was spun off from the litigation in *Brooks-Ngwenya v. James Thompson, et al.,* No. 1:05-cv-1469-LJM-WTL (S.D.Ind. *aff'd in part, remanded in part,* 202 Fed.Appx. 125 (7th Cir. October 17, 2006) (unpublished order)(*Brooks-Ngwenya II*), which followed an earlier employment discrimination case she had filed, *Brooks-Ngwenya v. Indy Public Schools,* No. 1:04-cv-1980-SEB-VSS (S.D.Ind. July 7, 2005)(*Brooks-Ngwenya I*). Brooks-Ngwenya filed this case on January 18, 2007, pre-empting proceedings which might otherwise have occurred in No. 1:05-cv-1469-LJM-WTL.

## III. Brooks-Ngwenya Motion for Summary Judgment

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[10] "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing

---

[6] *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).

[7] *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

[8] *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

[9] *In re United Air Lines, Inc.,* 453 F.3d 463, 468 (7th Cir. 2006) (citation omitted).

[10] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

out to the district court--that there is an absence of evidence to support the nonmoving party's case."[11]

In this case, Brooks-Ngwenya has failed to meet her burden as to any of her claims. The essential component--essential in relation to a motion for summary judgment--absent from her recitation of diverse claims is evidentiary material establishing the absence of a genuine issue of material fact. This does not mean that Brooks-Ngwenya has failed to provide a detailed and coherent account–she has not. And though her statements may elucidate the issues, they cannot serve as the basis for creating an issue of fact.[12] The consequence of this is that these statements–47 typed pages of them in the memorandum supporting her motion for summary judgment (dkt. 20)–have no evidentiary significance.[13] The court has no obligation to parse through these materials in search of a basis on which to conclude that there is or is not a genuine issue of fact justifying a trial.[14] Beyond this, the claims already resolved in an earlier case are not available for further pursuit here, while there are evidentiary and procedural deficiencies with respect to the claims which were not resolved in the earlier case. Brooks-Ngwenya's motion for summary judgment (dkt. 19), therefore, is **denied.**

### IV.  IPS Motion for Summary Judgment

Brooks-Ngwenya was formerly employed by IPS as an elementary school classroom assistant. In the present lawsuit, she asserts claims for copyright infringement and for violations of the Equal Pay Act ("EPA") and Title VII. IPS seeks resolution of these claims in this action through the entry of summary judgment. The evidentiary record regarding the IPS motion for summary judgment is as described in Part III of this Entry. Accordingly, the factual assertions on which that motion is based which are properly supported by the evidentiary record are accepted as true for the purpose of resolving that motion.[15] Brooks-Ngwenya has conceded the IPS version of the facts.[16] This is the result of Local Rule 56.1(h), of which Brooks-Ngwenya was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn.[17]

---

[11] *Id.* at 325.

[12] See *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 268 (7th Cir. 1996) (nonmovant's opposition to motion for summary judgment raised more issues and posed additional questions, but included no counter affidavits or exhibits which might have raised a genuine issue of material fact).

[13] See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . As such, we can simply ignore them.").

[14] *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in briefs.").

[15] *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994).

[16] *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997).

[17] *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

*Copyright Infringement Claim.* "[A] copyright holder possesses 'the right to exclude others from using his property.'"[18] Under 17 U.S.C. § 507(b), "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." In addition, "no action for the infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."[19] Thus, in order to prevail on this claim, Brooks-Ngwenya must prove 1) ownership of a valid copyright, and 2) copying by IPS of protected elements of the work that are original.[20] Her claim also must have been timely brought.

Brooks-Ngwenya alleges that IPS violated her copyright by unlawful use of the TIRS program from October 2002 through June 2003. As an affirmative defense to this claim, IPS argues that Brooks-Ngwenya's copyright infringement claim set forth in her complaint filed January 18, 2007, is barred by the applicable statute of limitations because it was not commenced within three years after the claim accrued. If the last date of the alleged infringement was June 2003, this claim would indeed be untimely. This argument is not persuasive, however, because, although the complaint was filed as recited by IPS, this was the result of the claim arising from *Brooks-Ngwenya II*. The Court of Appeals found that the copyright claim had been asserted in *Brooks-Ngwenya II*, so the simple migration of the claim from the earlier case to this case did not cause the tolling effect of the initial assertion of the claim to be undone. It would be inconsistent with the terms of the remand in *Brooks-Ngwenya II* to conclude otherwise, and "Fed.R.Civ.P. 3 provides that the filing of a complaint commences a civil action, and thus it is this act that tolls the running of the statute of limitations applicable to this action."[21]

Brooks-Ngwenya's copyright claim encounters a more substantive obstacle, however, in the fact that she lacked registration of the TIRS. In May 2006, Brooks-Ngwenya submitted a copyright application to the Copyright Office. The application, dated May 20, 2006, noted as the title of her work, "Transitioning Into Responsible Students." Brooks-Ngwenya stated under the nature of authorship, which is a brief description of the nature of material created by the author in which copyright is claimed, "at risk children, school within a school, upgrade academics and improve behavior." In response to this application, the Copyright Office sent an August 21, 2006, letter to Brooks-Ngwenya which stated in part, "[w]e are unable to register this claim as submitted because the basis for the claim is unclear." Brooks-Ngwenya admitted during her July 3, 2007, deposition, "Yes, that's true" that she does not have a registered copyright for the TIRS program and that the Copyright Office "would not allow [her] to register it."

Here, there is no registration of the TIRS program with the Copyright Office. There is an application only. "Registration is not a condition of copyright protection, but it is necessary before an infringement suit may be filed in court."[22] Furthermore, Brooks-

---

[18]*Ebay v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006)(quoting *Fox Film Corp. v. Doyal,* 286 U.S. 123, 127 (1932)); *see also id.,* at 127-128, ("A copyright, like a patent, is at once the equivalent given by the public for benefits bestowed by the genius and meditations and skill of individuals, and the incentive to further efforts for the same important objects" (internal quotation marks omitted)).

[19]17 U.S.C. 411(a).

[20]*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

[21]*Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993).

[22]*Automation by Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749, 753 fn.1 (7th Cir. 2006).

Ngwenya has not alleged any work that would qualify for a valid copyright. She claims that she created the TIRS program for underachieving students, yet the basis for her claim is that it can be shown that IPS copied her works because it used, in her words, "rewards and recognition. They did give out certificates to the kids. They did reward them" and IPS used "behavior classes" and "tutorial title math and reading classes." Brooks-Ngwenya went on to state, "they called it a title program; I called it TIRS. They had inclusion teachers; I had mentors. They had packets; I had packets. I mean, I just compared." Brooks-Ngwenya has not alleged exclusive rights, and therefore, she has not adequately alleged facts to support copyright infringement.[23]

Accordingly, summary judgment must be granted in favor of IPS as to the copyright infringement claim.

*Equal Pay Act Claim*. Brooks-Ngwenya's complaint mentions the EPA. She argues that she should be compensated by IPS for the use of the TIRS program and that IPS did not honor its agreement to hire her in as a coordinator. However, Brooks-Ngwenya entered into a settlement agreement with IPS in June 2005, which provided in part that Brooks-Ngwenya would dismiss with prejudice the litigation pending in this court in *Brooks-Ngwenya I*. That dismissal was entered on July 5, 2007, and approved on July 7, 2005. Her EPA claim was asserted in No. 1:04-cv-1980-SEB-VSS and cannot be resurrected here.

Apart from her prior litigation, to demonstrate wage discrimination under the EPA, Brooks-Ngwenya must show that: 1) different wages were paid to male IPS employees; 2) the employees do equal work which requires substantially similar skill, effort and responsibilities; and 3) the employees have similar working conditions.[24]

Brooks-Ngwenya's EPA claim is premised on her ownership of a registered copyright of the TIRS program. As just discussed, this is not an accurate description of the status of the TIRS program, at least as recently as her deposition in July 2007. She does not make out a *prima facie* claim of wage discrimination because she does not allege that a similarly situated male employee was earning more than her for equal work. Her EPA claim is not supported by any of the above elements.

Accordingly, summary judgment must be granted in favor of IPS as to the EPA claim.

*Title VII Claim*. Brooks-Ngwenya's complaint also mentions Title VII of the Civil Rights Act, as amended. As with the EPA claim, however, there is nothing more than the mention of Title VII and this wholly fails to state a claim upon which relief can be granted.[25]

---

[23]"To be entitled to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right under a copyright.'" *Silvers v. Sony Pictures Entm't, Inc.,* 402 F.3d 881, 884 (9th Cir. 2005) (en banc) (quoting 17 U.S.C. § 501(b)).

[24]*Soto v. Adams Elevator Equipment Co*., 941 F.2d 543, 548 (7th Cir. 1991).

[25]A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007)).

Brooks-Ngwenya does not appear to contend otherwise. She admitted during her deposition that she already settled her Title VII claim and that the complaint in this action was based on alleged copyright infringement, not Title VII. Brooks-Ngwenya and IPS entered into a joint stipulation with prejudice in No. 1:04-cv-1980-SEB-VSS, including her Title VII claim. As explained above, Brooks-Ngwenya's Title VII claim is barred under the doctrine of *res judicata* because it "arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment."[26]

"Under the federal common law of *res judicata*, a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment."[27] The doctrine of *res judicata* applies where the following elements are present: (1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits.[28] Here, *Brooks-Ngwenya I* was settled and dismissed with prejudice, which qualifies as a final judgment under the doctrine of *res judicata*.[29] All the elements of *res judicata* are present as to any Title VII claim which is or which could be asserted in this case. The IPS motion for summary judgment must therefore be granted as to the Title VII claim.

### V. Conclusion

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[30] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[31] That is the case here, and consistent with the discussion in Parts III and IV of this Entry, therefore, the IPS motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/20/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[26] *See Okoro*, 164 F.3d at 1062; Golden v. Barenborg, 53 F.3d 866 (7th Cir. 1995) (stipulation of dismissal with prejudice was final judgment for *res judicata* purposes).

[27] *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir. 1999) (citations omitted).

[28] *Tice v. American Airlines,* 162 F.3d 966, 970 (7th Cir. 1998), *cert. denied,* 527 U.S. 1036 (1999).

[29] *See Golden v. Barenborg*, 53 F.3d 866, 867 (7th Cir. 1995) *(*stipulation of dismissal with prejudice is final judgment for *res judicata* purposes).

[30] *Celotex,* 477 U.S. at 322.

[31] *Chiaramonte v. Fashion Bed Group, Inc.,* 129 F.3d 391, 393 (7th Cir. 1997), *cert. denied,* 523 U.S. 1118 (1998).